

# LAW OFFICE OF
# TROY A. SMITH

### Attorney at Law,  PC

34 South Broadway
Suite 218
White Plains, NY 10601

Main Line: (914) 358-1433
Fax: (914) 358-5203
Email:  Troy@NYlawSmith.com
www.ny-criminal-defense-lawyer.com

December 21, 2015

BY ECF

The Honorable Kenneth M. Karas
United States District Judge
300 Quarropas Street
White Plains. New York, 10601

RE: United States v. Anthony Grecco, S3 14 Cr. 760 (KMK)

Dear Judge Karas:

   The defense respectfully moves this Honorable Court to allow the defense to file out of time the DEFENSE PROPOSED EXAMINATION OF PROSPECTIVE JURORS.  This Honorable set a pre-trial order that any proposed examination of prospective jurors must be submitted by the parties by November 20, 2015.  The undersigned completed a seven week homicide trial in Supreme Court, Bronx County, <u>People of the State of New York v. Keno Roberts</u>, IND 398/2012 on November 19, 2015.  Additionally, the undersigned was away on military leave at Fort Bragg, NC the week of December 7, 2015.   The Government does not oppose the untimely request filed by the defense.

       Assuming arguendo, this Honorable Court grants the defense request to file the aforementioned motion out of time, the Defense specifically requests that the undersigned counsel be permitted to conduct group voir dire of the prospective jurors.   The Government opposes this particular request.

       Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure [FED. R. CRIM. P.] provides:

       *(1) In General.*  The court may examine prospective **jurors <u>or may permit the attorneys for the parties to do so.</u>** (emphasis added)

       (2) *Court Examination.*  If the court examines the jurors, it must permit the attorneys for the parties to:

       (A)  ask further questions that the court considers proper; or

1

(B)  submit further questions that the court may ask if it considers them proper.

Voir dire is necessarily a matter in which the trial court has extremely broad discretion. Voir dire is of course an important part of trial proceedings, but federal trial judges are not required to ask every question that counsel—even all counsel—believes is appropriate. Court and counsel have somewhat different goals in voir dire. The court wants a fair and impartial jury to be chosen and to move expeditiously to the presentation of evidence. Counsel wants a jury favorable to their cause—fair or not—and voir dire aids them in exercising peremptory challenges and challenges for cause. Counsel has an additional purpose in voir dire moreover and that involves exposing jurors to various arguments they intend to make at trial. Counsel view voir dire as an opportunity for advocacy similar to, albeit not the equivalent of, openings or summations. This additional purpose has led to a long struggle between bench and bar—in both the state and federal courts, *see, e.g., United States v. Barnes,* 604 F.2d 121, 142 n. 10 (2d Cir.1979); *United States v. L'Hoste,* 609 F.2d 796, 801–03 (5th Cir.1980); *United States v. Bryant,* 471 F.2d 1040, 1043–45 (D.C.Cir.1972) (per curiam)—in which the bar has sought the right to question jurors at great length. Thus far, federal courts have successfully resisted such attempts. *See United States v. Diez,* 736 F.2d 840, 844 (2d Cir.1984); *see also* Fed.R.Crim.P. 24(a); Fed.R.Civ.P. 47(a).

Specifically, the defense requests to conduct group voir dire based on the following topics and series of questions:

### <u>Defendant's Right not to Testify</u>:

1.  The Court has instructed you that you may not draw any adverse inference or conclusion if the defendant does not testify in this case.  Jurors, you all indicated that you could follow this instruction, is that still the case?

2.  But let me suggest to you that  this rule of law is perhaps different than the way that we live our everyday lives.  (Colloquy with the jurors).  I see that some of you jurors have young children at home.  Sir/Madam, let me ask you this.  Have you ever had your child break something in the house say a dish?  Do you agree that your natural reaction would be to inquire of your child, what happened?

3.  Suppose your child said to you Mom/Dad, I do not have to answer your questions.  I have the right to remain silent.  In fact, you may not draw any adverse inference or hold my silence against me in any way.  Further, not only will I not answer your questions but Mom/dad, you have to prove my guilty beyond a reasonable doubt.  I as your child have no burden to prove my innocence.  Jurors what would you say to your child if he or she said this to you?

4.  So jurors you can see how the rule of law in this Court is a little bit different than how we conduct our everyday lives. Now I know you all promised the Court that you could follow the rule of law.  After hearing the example I just gave you, is there any juror that would hold it against the defendant if he does not testify in his own defense?

5.  Put another way the Court has instructed you that the burden of proof is always on the Government to prove the defendant's guilt beyond a reasonable doubt and that the burden never shifts to the defense.  Do you believe that if the defense does not call any

witnesses in their case in that the only evidence you have to consider is presented from the Government,  will you hold it against the defendant because the defense did not present their side of the case? [1]

## Nature of the allegations

6.  It is expected that the Government will present evidence alleging that the defendant caused the death of Ryan Ennis and that he caused his death by stabbing him with a sharp instrument. There is going to be evidence presented from a Medical Examiner to discuss Mr. Ennis' autopsy.  The government will introduce photos of the deceased at  or near the time his body was first discovered. Some of these photos will involve a great deal of blood.  Is there any juror that because of the nature of the case feels that they will not be able to listen to this type of evidence with a view towards rendering a fair and impartial verdict?

7.   The Court may instruct you that as jurors you  may not allow feelings of bias, prejudice sympathy to enter into your deliberations.  We are all human beings.  We are not telling you not to have your feelings. You may in fact feel sympathy in this case for the deceased?  The issue is do you promise to not allow these feelings to affect your ability to be fair and impartial?

8.  The Government will present evidence that the defendant was involved in a conspiracy to traffic illegal drugs.  Do you as jurors promise that if the Government presents such evidence that will not affect your ability to be fair and impartial as to whether the defendant caused the death of Ryan Ennis?

## Credibility Questions

9.     The Court may instruct you that you must not give the testimony of  a law enforcement officer any greater weight or lesser weight because of their position in law enforcement.  You must treat a law enforcement witness just like any other witness.  Does everyone agree with that?

10.     Does everyone agree that law enforcement officers are capable of making mistakes?

11.     Does everyone agree that Law enforcement officers are capable of not telling the truth?

12.     Hypothetical-Suppose I was driving on the highway and a law enforcement officer had me on radar driving over the speed limit.  If that officer came into court and testified that he had

---

[1] The undersigned has asked all of the questions presented in this request during group voir dire in scores of jury trials in New York State and Federal trials (courts-martial) with the United States Army.  This series of questions has led to a number of potential jurors to express to the Court that although they understand the Court's instruction that having a chance to reflect they could no longer guarantee the Court that they could remain fair and impartial.

me on radar traveling at a rate of speed of 65 MPH in a 55 MPH zone.  Would you agree that would not have any reason to doubt his testimony, correct?

13.     Now suppose we learned that his radar detector was malfunctioning you would have reason to find that officer made a mistake, correct?

14.     Now suppose you heard evidence that the officer was aware that his or her radar was never turned on when I was pulled over.  You agree this would give you pause to question the credibility of this officer?


Conclusion

Accordingly,  the defense requests that this Honorable Court permit the defense to conduct group voir dire in accordance with Rule 24 of the Federal Rules of Criminal Procedure.


Dated:  December 21, 2015
White Plains, NY 10601

Respectfully submitted,

s/ Troy A. Smith
Troy A. Smith, Esq.
John L. Calcagni, Esq.

cc:     Scott Hartman Assistant United States Attorney (By electronic mail)
        Michael Gerber Assistant United States Attorney (By electronic mail)
        George Gerber Assistant United States Attorney (By electronic mail)

*Certificate of Service*                                                    *Filed Electronically*

_____

The undersigned attorney, duly admitted to practice before this Court, hereby certifies that on the below date, he served or caused to be served the following document in the manner indicated:

Voir Dire Request

Service via Clerk's Notice of Electronic Filing upon all registered ECF filing counsel in this case:

Dated: White Plains, NY
        December 21, 2015

                                      ____s/Troy A. Smith_____
                                        Troy A. Smith, Esq.
                                        34 South Broadway, Ste. 218
                                        White Plains, NY 10601